UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARY JO MUELLNER and GREGORY R. MUELLNER, on behalf of themselves and all others similarly situated, | Case No. 15-CV-0596 (PJS/LIB) |
| Plaintiffs, | ORDER |
| v. | |
| U.S. BANK, N.A.; and AMERICAN SECURITY INSURANCE COMPANY, | |
| Defendants. | |

Robert K. Shelquist, Elizabeth R. Odette, and Kristen G. Marttila, LOCKRIDGE GRINDAL NAUEN P.L.L.P.; Lawrence P. Schaefer, Bert Black, and Bryce M. Miller, SCHAEFER HALLEEN, LLC; Richard J. Fuller; and Charles A. Horowitz, for plaintiffs.

Skip Durocher and Timothy J. Droske, DORSEY & WHITNEY LLP, for defendant U.S. Bank, N.A.

Arthur G. Boylan, ANTHONY OSTLUND BAER & LOUWAGIE PA; and Frank G. Burt, W. Glenn Merten, and Brian P. Perryman, CARLTON FIELDS JORDEN BURT, P.A., for defendant American Security Insurance Company.

This matter is before the Court on three motions to dismiss filed by defendants. The Court conducted a lengthy hearing on the motions on July 15, 2015. For the reasons discussed at that hearing, the Court finds that there is substantial doubt about whether plaintiffs have Article III standing to pursue the individual claims asserted in the amended complaint. ECF No. 40. Specifically, the Court questions whether, even

assuming that defendants acted unlawfully in obtaining or issuing force-placed insurance, plaintiffs were harmed in any way by defendants' actions.

The Court would like to proceed as follows:

First, the Court will give the parties a period of approximately three months to take jurisdictional discovery—that is, discovery on whether plaintiffs have Article III standing to pursue their individual claims.

Second, if, at the end of that discovery period, defendants continue to believe that plaintiffs do not have standing, the Court asks that they file a joint motion to dismiss the lawsuit for lack of standing and a joint brief in support of that motion. Plaintiffs should then file a response and the defendants a joint reply. The briefing should comply with the local rules of this District applicable to dispositive motions.[1]

Third, because the pending motions might be affected by the proceedings regarding plaintiffs' standing—and because the Court does not want the defendants' pending motions to age while the issue of standing is being discovered and litigated— the Court will deny those motions without prejudice, but give the defendants permission to renew those motions if the plaintiffs are found to have standing. If defendants renew those motions, the Court will rule on the renewed motions based on the briefing and argument already submitted. The parties will not have to re-brief or re-

---

[1] If the defendants conclude, based on the discovery, that plaintiffs *do* have standing, defendants should notify the Court of that fact by letter.

argue the motions. (The parties may, however, seek permission to submit supplemental briefs, if the parties conclude that the motions might indeed be affected by the proceedings regarding plaintiffs' standing.)

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant American Security Insurance Company's Motion to Dismiss Amended Class Action Complaint [ECF No. 44], Defendant U.S. Bank National Association's Motion to Dismiss the Amended Class Action Complaint [ECF No. 47], and Defendants' Joint Motion to Dismiss Nationwide Class Allegations from Amended Class Action Complaint [ECF No. 51] are DENIED WITHOUT PREJUDICE.

2. The time within which defendants may answer, move, or otherwise respond to the amended complaint is extended to January 1, 2016. Defendants may move for a further extension if that becomes necessary.

3. All proceedings in this case are STAYED, except that the parties may engage in discovery regarding the question whether plaintiffs have Article III standing to bring the individual claims contained in their amended complaint, and the parties may file motions regarding any disputes related to that discovery. The parties must complete this jurisdictional discovery by October 16, 2015.

4. No later than October 19, 2015, defendants must either (1) move to dismiss this action for lack of standing or (2) notify the Court that they no longer challenge the standing of plaintiffs to pursue their individual claims.

Dated:  July 15, 2015                                              s/Patrick J. Schiltz
                                                                                   Patrick J. Schiltz
                                                                                   United States District Judge